**Ronald P. SKOWRON, Plaintiff–Appellant,**

v.

**Philip A. CHANCE, et al., Defendants–Appellees.**

**No. 01–4101.**

United States Court of Appeals, Sixth Circuit.

March 14, 2003.

Before MERRITT and BATCHELDER, Circuit Judges; and DUPLANTIER,* District Judge.

MERRITT, Circuit Judge.

In this malicious prosecution case dismissed on summary judgment for failure to state or support a federal constitutional claim for malicious prosecution, the plaintiff-appellant Skowron argues that the District Court abused its discretion by failing to permit him to file a second amended complaint. Both of the issues raised by Skowron on page 4 of his appellate brief depend upon whether the District Court should be reversed because it refused to allow him to file a second amended complaint.

---

\* The Honorable Adrian G. Duplantier, United States District Judge for the Eastern District

This issue was raised in the District Court in a motion to amend the court's order granting summary judgment for defendants. The District Court responded to the motion to alter or amend the judgment on this ground by stating, as follows:

> Specifically, the plaintiff argues that the court improperly denied him leave to amend his complaint for a second time in order to meet the heightened pleading standard necessary to overcome the individual defendants' assertions of qualified immunity.

> Put simply, there was no manifest error of law. This court's decision that additional pleadings were not warranted was not in error. The plaintiff never moved for leave to file a second amended complaint. The court cannot be in error for denying a motion that was never made.

> . . . .

> The plaintiff had over a year (from 27 June 2000, when the defendants first raised the issue of qualified immunity, to 3 August 2001, when the court issued its memorandum opinion) to file a motion for leave to re-amend the complaint or to file an affidavit setting forth additional facts to meet his burden. Yet the plaintiff made no effort to meet his burden of heightened pleading, even when he filed his amended complaint on 20 December 2000 and supplemental affidavit on 8 February 2001. Thus even if the plaintiff had actually filed a motion for leave to amend the amended complaint, this court could have denied the motion on the ground of undue delay.

(App.207–08.)

In light of the fact that this appeal is presented to the Court upon a waiver of

of Louisiana, sitting by designation.

oral argument, the Court has searched the record to determine whether the District Court is correct in its ruling that no motion to file a second amended complaint was ever made and that the plaintiff had over a year in which to file such a motion. We find nothing in the record which would contradict the District Court's statements concerning the failure to file a motion for leave to file a second amended complaint. We also find nothing in the record to contradict the District Court's statements with regard to plaintiff's delay. Under these circumstances, we find no basis for holding that the District Court has abused its discretion in failing to permit plaintiff to file a second amended complaint.

Accordingly, the judgment of the District Court is AFFIRMED.